UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                          )
Albert Aaron Eckard             )       Case No.
                                )       Chapter 13
Debtor(s)                       )

CHAPTER 13 PLAN


**PAYMENTS. Debtor is to pay to the Chapter 13 Trustee the sum of the following amounts: (complete one of the following payment options)**

    **$603.00** per month for 60 months.

    $_____ per month for _____ months, then $_____ per month for _____ months, then $_____ per month for _____ months.

    A total of $_____ through _____, then $_____ per month for _____ months beginning with the payment due in _____, 20____.

In addition, Debtor shall pay to the Trustee, and the plan base shall be increased by the following:

(1) Debtor shall send any tax refund received during the plan to the Trustee; however, debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain from such refunds the lesser of the sum of two monthly plan payments or $600 from such tax refunds, each year, for necessities. (2) Fifty percent of any employee bonus or other distribution paid or payable to the debtor during the term of the plan. (3) Additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.

A minimum of **$1000.00** will be paid to non-priority unsecured creditors. (Dollar amount or 100%)

**DISBURSEMENTS. Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee to be made pro-rata by class, except per month disbursements described below:**

1. **Trustee and Court Fees.** Pay Trustee a percent of all disbursements as allowed by law [and pay filing fee in the amount of $_____]

2. **Executory Contract/Lease Arrearages**. Trustee to cure pre-petition arrearage on any executory contract accepted in paragraphs 3(A or B) over the following period, estimated as follows:

   CREDITOR NAME                TOTAL AMOUNT DUE         CURE PERIOD

3. Pay sub-paragraphs concurrently:

   (A) **Post-petition real property lease payments.** Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:
   CREDITOR NAME            MONTHLY PAYMENT          BY DEBTOR/TRUSTEE

   (B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:
   CREDITOR NAME            MONTHLY PAYMENT          EST MONTHS REMAINING

   (C) **Continuing Debt Payments (including post-petition mortgage payments on real estate other than Debtor's residence )** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph ___ below.
   CREDITOR NAME                    MONTHLY PAYMENT

   (D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence to be at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:
   CREDITOR NAME            MONTHLY PAYMENT          BY DEBTOR/TRUSTEE

   (E) **DSO Claims in equal installments.** Pay the following pre-petition domestic support obligation arrears in full in equal monthly installments over the life of the plan, estimated as:
   CREDITOR NAME                TOTAL AMOUNT DUE         INTEREST RATE

4. **Attorney Fees**. Pay Debtor's attorney **$1000.00** in equal monthly payments over **12** months. Any additional fees allowed by the Court shall be paid pursuant to paragraph 6 below. [See procedures manual for limitations on use of this paragraph]

5. Pay sub-paragraphs concurrently:

   (A) **Pre-petition arrears on secured claims paid in paragraph 3**. Pay arrearage on debt secured by liens on real property in equal monthly installments over the period and with the interest rate identified below, estimated as follows:
   CREDITOR NAME      TOTAL AMOUNT DUE         CURE PERIOD      INTEREST RATE

   (B) **Secured claims to be paid in full.** The following claims shall be paid in full in

equal monthly payments over the period set forth below with **7.88%** interest.
CREDITOR     EST BALANCE  DUE          REPAY PERIOD          TOTAL w/ INTEREST

(C) **Secured claims** **subject to modification.** Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with **7.88%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 9 (A), estimated as set forth below:

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|
| **Chrysler** | **13,000** | **same** | **60** | **15,771.00** |
| **Chrysler** | **7,000** | **same** | **60** | **8,491.80** |
| **Cornwell** | **7,100** | **2000** | **60** | **2,426.40** |

(D) **Co-debtor guaranteed debt paid in equal monthly installments**. The following co-debtor guaranteed claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in equal monthly installments over the period and with interest as identified below.
CREDITOR     EST BALANCE    TRUSTEE/CO-DEBTOR      PERIOD       INTEREST RATE

6. Pay **$1000.00** of debtor's attorney's fees and any additional attorney fees allowed by the Court .

7. Pay sub-paragraphs concurrently:

(A) **Unsecured Co-debtor guaranteed claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below.
CREDITOR NAME     EST TOTAL DUE       TRUSTEE/CO-DEBTOR     INTEREST RATE

(B) **Assigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, to be paid a fixed amount with the balance to be owed by the Debtor(s) after completion of the Plan, pursuant to § § 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s).
CREDITOR            TOTAL DUE         TOTAL AMOUNT PAID BY TRUSTEE

8. **Priority Claims.** Pay the following priority claims allowed under 11 U.S.C. section 507 in full, estimated as follows:
CREDITOR NAME                TOTAL AMOUNT DUE

9. Pay the following sub-paragraphs concurrently:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed:**$ 24,392.00**. Estimated amount available **$6,000.00.** Estimated repayment in Chapter 7: **$ 0.00**. Amount required to be paid to non-priority unsecured creditors as determined by 1325(b) calculation: **$0.00**.

(B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s) with any deficiency paid as non-priority unsecured debt:
CREDITOR         COLLATERAL

(C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance to be paid as non-priority unsecured debt.:
CREDITOR         CONTRACT/LEASE

10. Other:

11. All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328. However, the Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the Court enters an order granting the Debtor's request to avoid the liens.

12. Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such Claimant.

13. Title to Debtor's property to re-vest in Debtor upon confirmation. Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

14. Any post-petition claims filed and allowed under 11 U.S.C. section 1305 may be paid through the plan.

CREDITOR'S NOTICE: YOU MUST FILE A CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED HEREIN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM. IN COMPLIANCE WITH ORDER OF THE COURT, ABSENT A SPECIFIC ORDER OF THE COURT TO THE CONTRARY, THE CHAPTER 13 TRUSTEE, RATHER THAN THE DEBTOR, WILL MAKE ALL PRE-CONFIRMATION DISBURSEMENTS PURSUANT TO SECTION 1326(a). ALL CREDITORS ENTITLED TO PRE-CONFIRMATION DISBURSEMENTS, INCLUDING LEASE CREDITORS, MUST FILE A PROOF OF CLAIM TO BE ENTITLED TO RECEIVE SUCH PAYMENTS FROM THE CHAPTER 13 TRUSTEE. PURSUANT TO LOCAL RULE, THE PROOF OF CLAIM SHALL CONTROL THE VALUATION OF COLLATERAL AND ANY VALUATION STATED IN THE PLAN SHALL NOT BE

BINDING ON THE CREDITOR.

DATE: September 11, 2007           DEBTOR:/s/ Albert Eckard

                                                    Respectfully Submitted,
                                                    GOLDBERG LAW FIRM, LLC

                                                    */S/ Nathan H Goldberg*
                                                    Attorney at Law
                                                    EDMO 3231, MO 37321
                                                    1014 Lami
                                                    The London House
                                                    Historic Soulard, MO 63104
                                                    314-771-1900
                                                    314-771-1903 fax
                                                    nathan@goldberglawllc.com

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing document was mailed, first-class postage prepaid, and/or by the court's ECF system this 11th day of September 2007 to:

Bronson & Migliaccio, LLP
C/o CACH LLC, HHLD Bank
808 Landmark Dr Ste. 227
Glen Burnie, MD 21061

Capital One
PO Box 85520
Internal ZIP 12030-163
Richmond, VA 23285

Chrysler Financial
PO Box 9223
Farmington Hills, MI 48333

Colormaster Automotive Paint
5807 Lemay Ferry Rd.
St. Louis, MO 63129

Cornwell Quality Tools
ATTN: Tech-Credit
667 Seville Rd.
Wadsworth, OH 44281

(L.F. 13 Rev. 01/07-A)

Cross Country Bank
C/o Applied Card Bank
4700 Exchange Ct
Boca Raton, FL 33431

Direct TV
PO Box 9001069
Louisville, KY 40290

Dr. Terrence W. Bond
123 W. Clinton Pl
Kirkwood, MO 63122

Ferrellgas-300093
P.O. Box 517
Liberty, MO 64069

First Premier Bank
900 Delaware Ste 7
Sioux Falls, SD 57104

GEMB/JC Penney
PO Box 981402
El Paso, TX 799981402

Jim Theodore
2285 HWY 67
Festus, MO 63028

K. Klein @ Reizman Berger
Atty. for Daimler Chrysler
7700 Bonhomme Ave. 7th Floor
St. Louis, MO 63105

Mercy Medical Group
PO Box 502852
St. Louis, MO 63150

Midland Credit Mgmt.
5775 Roscoe Ct.
San Diego, CA 92123-1356

NCO Financial Systems, Inc.
C/o GE Consumer Finance
507 Prudential Rd.
Horsham, PA 19044

Pinnacle Financial Group
C/o First Premier Bank
7825 Washington Ave S. Ste 410
Minneapolis, MN 55439

Sams's Club/ MBGA
Monogram Credit Card bank
4605 Duke Dr
Mason, OK 45040

South County Anesthesia
PO BOX 22407
St. Louis, MO 63126

Wells Fargo
9051 Watson Rd. Ste D
Crestwood, MO 63126

Wells Fargo
PO Box 98798
Las Vegas, NV 89193

                                  Respectfully Submitted,
                                  GOLDBERG LAW FIRM, LLC

*/S/ Nathan H Goldberg*
Attorney at Law
EDMO 3231, MO 37321
1014 Lami
The London House
Historic Soulard, MO 63104
314-771-1900
314-771-1903 fax
nathan@goldberglawllc.com